LEWIS W. JORDAN *v.* HAMBRIGHT BLACK.

Non-payment of the costs of a suit, for the same cause of action, previously discontinued, is not sufficient ground for a dismissal; but will justify the defendant in delaying to answer until paid. The exception is a dilatory one. It is not necessary that such costs should have been paid in money; it will be sufficient, if the officers, to whom they were due, acknowledge that they have been satisfied, as the defendant will be thereby discharged from any liability for them.

Where a judicial tribunal of another state has acted finally on a case, the legal presumption is that every thing has been done according to law; and the judgment will be evidence between the parties.

A record from a court of another state, none of the judges of which has the title of Presiding Judge, or Chairman, certified by all the judges, is a substantial compliance with the act of Congress, and will be received in evidence.

Plaintiff having obtained judgment against defendant, for the same cause of action, in another state, offered the record in evidence: *Held,* that an instrument which formed part of the record, and which was used as evidence on the first trial, must be presumed to have been duly proved, and cannot afterwards be objected to.

A conveyance of slaves, in another state, to a trustee, for the use of the owner during her life, and for the purpose of being emancipated afterwards, vests a legal title in the trustee, who may sue in this state to enforce the trust.

A question decided by a competent tribunal of another state, after due proceedings, will not be examined into by the courts of this state.

Judicial tribunals are fully empowered to adopt such conservatory measures, as may be necessary to prevent one, in whose possession property may be, from removing it out of their jurisdiction, and thereby defeating the real owner in the prosecution of his rights.

APPEAL from the District Court of West Feliciana, *Johnson,* J.
*Boyle,* for the plaintiff.
*Paterson, curator ad hoc,* for the defendant.

GARLAND, J. The plaintiff alleges that he has the legal right and title to a number of slaves, and that the defendant has illegally removed them from the state of Tennessee, and from his legal custody and control, without having any right or title to them. The claim is based upon a conveyance made by Elizabeth Morgan, the wife of the defendant, previous to her marriage, called a deed of trust, in which it is specified that the slaves shall remain in possession of the grantor during her life, and be emancipated by the plaintiff after her death. The defendant married Elizabeth Morgan on the same day that the deed was executed, and having offered some of the slaves for sale, a suit in chancery was commenced in Tennessee, by the plaintiff against the defendant, to

enjoin him from selling them, or sending or putting them out of his possession during the life-time of his wife, in which suit the title of the plaintiff was alleged, and the character of the trust exposed. The defendant had a judgment before the chancellor, but upon an appeal to the Supreme Court of Tennessee, the judgment was reversed, and a judgment entered perpetually enjoining the defendant from selling the slaves, or in any manner impeding or interfering with the due execution of the trust, and from removing or taking any of them beyond the limits of the state. It is charged, that in violation of this injunction, the slaves have been removed to this state by Black, and an affidavit is made of the fears of the plaintiff, that during the pendency of this suit, the defendant will sell, part with, or dispose of some or all of the slaves in controversy; whereupon they were sequestered, and taken into the custody of the sheriff.

On the trial, the record from the Supreme Court of Tennessee, was admitted in evidence, and the deed of trust formed a part of it. The slaves were identified to the satisfaction of the jury, who returned a verdict for the plaintiff, upon which the court rendered its judgment, that he recover the slaves mentioned, and that they be restored to him for the purpose of enabling him to execute the trust mentioned, according to the laws of Tennessee. From this judgment, the curator ad hoc of the defendant, has appealed.

In this court, the defendant has urged various grounds on which to obtain a reversal of the judgment, and the setting aside of the writ of sequestration, even though the judgment should be affirmed.

He first alleges, that the inferior court erred in refusing to dismiss this suit on the exception taken by him, that the costs of another suit, for the same cause of action, which was dismissed, had not been paid. His principal reliance to sustain this objection, is on article 492 of the Code of Practice, and the decision of this Court in 7 Mart., N. S., 361. This court has never held that the non-payment of the costs of a previous suit, which was discontinued, was a sufficient ground of dismissal. It only justifies the defendant in delaying to answer, until the costs are paid. The exception is dilatory in its character. But in this case, we find in the record sufficient evidence that the costs of the first suit have been paid. The sheriff gives a receipt in full for the sheriff's and

jailor's costs, and the jury tax fee, and the clerk says that he has been satisfied. It is true that all these payments have not been made in money, but the officers say that they are satisfied, and the defendant cannot complain, as he is discharged from all liability on account of the costs of the suit instituted by Watkinson, agent of Jordan, against him.

The defendant next urges, that the sequestration should be set aside on the grounds that the affidavit is insufficient, and that the agent had no right to make it. The authorities relied on to sustain this position, are all anterior to the act of the legislature of March 20, 1839. Bullard and Curry's Dig. 19, sec. 16, 154, sec. 6. The affidavit appears to us strictly in conformity to law; and there cannot be a doubt, that the terms of the procuration to Boyle, the agent, who made the affidavit, fully authorized him to make it.

The next objection is, that the sequestration bond is insufficient, as the agent had no power to sign it. We have again looked to the power of attorney, and find that it authorizes the agent to institute such legal proceedings as may be necessary to recover possession of the slaves, and to sign any bond or bonds that may be necessary in the course of the suit, or to effect the object in view. We consider the authority to sign the sequestration bond, ample.

It is moreover urged, that the inferior court erred in receiving in evidence the record of the suit between the plaintiff and defendant in the Chancery and Supreme Courts of the state of Tennessee, as the certificate does not say that it is a full and complete copy of all the proceedings had in the case. Further, that it does not appear there was any citation of appeal, or any evidence that the defendant ever appeared in the said Supreme Court. As to the first objection, the certificate states that the record contains 'a full, true, and complete copy of the bill, and exhibits, the injunction, the answer of the respondent, and the decree of the chancellor in the court below, together with a full, true, and perfect copy of the decree of the Supreme Court in the cause.' This seems to us a very ample certificate; it is at least sufficiently so, to put the *onus* on the defendant to show the probable omission of some material document, or order of court. As to the want of citation of appeal, and of evidence of the appearance of the defendant in

the Supreme Court of Tennessee, we are bound to presume that that tribunal would not proceed to judgment in any case, unless the parties were notified, or appeared. The court say that the cause was argued ; and, it appears from the record, that as soon as the decree of the chancellor, dissolving the injunction was rendered, an appeal was demanded, and that bond was given on the same day. It is true, that the laws of Tennessee require a notice to be given to the appellee, yet it does not become us to scrutinize as technically the proceedings of the highest tribunal in a sister state, as if we were proceeding upon a motion to dismiss an appeal before us, on the ground of a want of citation. When a judicial tribunal has acted finally in a cause, the legal presumption is, that every thing has been done according to law, and it is evidence between the parties. 5 Mart., N. S., 464.

The defendant also objects to the reception of the record as evidence, because it is not certified by the presiding judge, or chairman of the Supreme Court. It is in evidence, that the Supreme Court of Tennessee consists of three judges, appointed for different districts, neither of whom has the title of presiding judge, or chairman; the record is certified by them all, and the Governor, and Secretary of State certify that they are all the judges. We think that the court did not err in receiving it in evidence. If all the judges of a court certify a record, it is fair to presume that the presiding judge has done so, particularly when it appears that the title is one of courtesy only. We think that the act of Congress in relation to certifying records from one state to another, has been substantially complied with.

It is objected, that the conveyance, or deed of trust, from Elizabeth Morgan to the plaintiff, was improperly received in evidence, it being a copy of a copy. This deed was not offered as a separate piece of evidence, but forms part of the record from Tennessee. It had been used as evidence in the cause when tried in the first instance, after due proof of its execution as we are bound to presume, and could not have been omitted without mutilating the record. It does not appear that the defendant objected to the deed when offered in the Court of Chancery, and it is too late to do it now. The plaintiff does not now rely so much on the conveyance,

as upon the judgment of the Supreme Court of Tennessee, which declares the trust to be legal, and orders its execution.

The various bills of exception being disposed of, we come to the merits of the case; and here, it is proper to remark, that the great error into which the counsel for the defendant has fallen, is the misconception of the character of the plaintiff's title, and of the object of this suit. His title is a legal one, in the strictest sense of the term, subject to certain equities in favor of the wife of the defendant, and, after her death, in favor of the slaves. The proceedings in the Supreme and Chancery Courts of Tennessee, are entirely conservatory, having for their object the preservation of the slaves, so that the equitable uses may be enjoyed by the wife of the defendant, and her intentions finally carried into effect. The suit is, therefore, not premature. The rights of the plaintiff are now vested.

The defendant contends that the execution of this deed of trust, was a fraud upon his marital rights. That question was very fully presented in his answer to the chancery proceedings in Tennessee, and was decided by the Supreme Court against him; we, therefore, shall not go into any examination of it. .

It is further contended, that this suit is not the same with the one in Tennessee, and that the latter has not the effect of *res judicata* between the parties. It is not contended, that the two cases are the same in all respects. One, and the main purpose of this suit, is to prevent an evasion of the decree of the Supreme Court of Tennessee : and, as a reason why this should not be prevented, the defendant says that that decree is erroneous, and that we ought to revise it. Whether the judgment was in accordance with the allegations and prayers contained in the bill in chancery, is not for us to enquire. We look to the judgment, which forbids the defendant from removing the negroes out of the state, whereby the execution of the trusts may be entirely defeated, or so much embarrassed, as to injure materially those interested. There cannot be a question as to the power of judicial tribunals to adopt such conservatory measures, as may be necessary to prevent a party, in whose possession property may be, from removing it out of their jurisdiction, and thereby defeating the real owner in the prosecution of his rights. We have the authority of the highest legal tribunal in

Tennessee, for saying, that the laws of that state did not, under the circumstances, vest the title to the slaves in the defendant ; and we know that his marriage would not have given him any title, had it taken place in this state. The use of the slaves is vested in the defendant's wife, during her life, and he is, under the laws of Tennessee, entitled to the benefit of that use ; but that does not authorize a removal of the slaves beyond the limits of the state, in defiance of the commands of her courts, and without the consent of all parties interested.

*Judgment affirmed.*

In the cases of *Thomas Powell* v. *William Nixon and others*, *John D. Bein and* another v. *Rufus Edwards*, *J. Tobin* v. *Peter Cleary*, and *Michael Maher* v. *Patrick Summers*, from the Commercial Court of New Orleans ; of *James M*<sup></sup>*Kinney*, *Curator*, v. *H. B. Kenner*, from the District Court of the First District ; and of *Oscar Labatut* v. *José Prats and another*, and *Antoine P. Fondary* v. *Charles Ytasse*, from the Parish Court of New Orleans, the judgments of the courts below, were affirmed on appeal, in New Orleans, during the period embraced by this volume, with damages in each case as for a frivolous appeal.