Hopkins<br>
*v.*<br>
Johnson.

</div>

```
 2  843
47  975
47 1344
─────────
 2  843
116 817
```

## Lynch *v.* Kitchen et al.

A jundgment of non-suit will not support a plea of *res judicata.*

Land subject to a mortgage was sold by the mortgagor to defendants, who sold to a third person, by whom the land was sold to a fourth, who was evicted by a sale at the suit of the mortgagee. Plaintiff having acquired at a judicial sale the claim of the last purchaser against his vendor, this vendor subrogated the last purchaser to all his rights of warranty against defendants, and the last purchaser subrogated the plaintiff to all his rights of action against his vendor, and against defendants. *Held*, that plaintiff's action cannot be defeated on the grounds, that defendants' vendee had no cause of action against them until he was himself injured by eviction, and that he could not assign a right which he had not. *Per Curiam :* We see no objection to the subrogatious under which plaintiff claims ; they promote the ends of justice, and tend to prevent a multiplicity of suits.

Creditors can exercise all the rights and actions of their debtors, except those reserved in arts. 1986, 1987 of the Civil Code. The reservation does not embrace actions of warranty.

Where an act of mortgage contains the pact *de non alienando* it is not necessary that the party in possession should be apprized of the seizure, nor is it necessary that the latter should notify his warrantors, in order to preserve his recourse against them. *Per Curiam : The* defence which warrantors can make against an action of mortgage is not such as would in any case release them from their warranty. C. C. 2494.

LYNCH
*v.*
KITCHEN.

One subrogated to the rights of a purchaser who has been evicted, is entitled to recover from his warrantors any part of the price which the purchaser had paid at the time of his eviction.

Where a husband joins in an act of sale of real property made by his wife merely for the purpose of authorising her, the purchaser, in case of eviction, can recover judgment only against her.

APPEAL from the District Court of Rapides, *King*, J.   *O. N. Ogden* and *Thomas*, for the the appellant.   *Flint, Dunbar, Hyams* and *Elgee*, for the defendants.   The judgment of the court was pronounced by

ROST, J.   This is an action of warranty.   The plaintiff having obtained judgment for a portion of his claim only, against *Harriet Kitchen* and her husband jointly, has appealed.   The defendants ask that the judgment be reversed, and that if the plaintiff's claim is maintained for any amount, they may have judgment for the like sum against *Philip M. Cuny*, their warrantor.

In 1834, *Philip M. Cuny* mortgaged to the *Canal and Banking Company* a tract of land and some slaves, to secure a loan of $3000.   Shortly after he sold the land to the defendants, who, in 1836, sold to *P. J. Hunter*, who in his turn sold to *Wm. L. Gray*, in 1838, and while in the latter's possession the land was, in 1842, bought at sheriff's sale by the *Canal Bank*, under an order of seizure obtained on the mortgage given by *Philip M. Cuny*.   After the sale *Wm. L. Gray* instituted an action of warranty against his vendor, *Hunter*.   *Hunter* called in warranty the defendants, who excepted to the form of action, and prayed that it might be dismissed, without requiring them to answer to the merits.   The exception was sustained, and the plaintiff having subsequently failed to appear to prosecute the principal action, it was dismissed at his costs.   In December, 1842, the plaintiff in the present suit acquired at sheriff's sale all the interest, right, title, claim and demand of *Wm. L. Gray* against *P. J. Hunter*, in warranty or otherwise, by reason of, or arising from, a sale of the land purchased by the bank, made to him by the said *Hunter*, on or about the 23d of March, 1838.   On the day of sale, *Hunter* executed in favor of *Gray*, a deed, subrogating the said *Gray* to all his rights and actions of warranty against the defendants.   Subsequently *Gray* subrogated the plaintiff to all his rights of action against *Hunter* and his vendors.

The defendants excepted to the plaintiff's action on the ground, that his vendee, *Hunter*, had no cause of action against them until he was himself injured by eviction, and could not assign a right which he had not.   They further alleged that there had been a judgment in their favor on that point in another suit, which was *res judicata* between them and the plaintiff.

We are of opinion that this exception was properly overruled.   The main action never went to trial in the case of *Gray* v. *Hunter*, and the decree was nothing more than a judgment of non-suit.   When the plaintiff failed to appear *Hunter* could not proceed with the suit, and orders previously made have not against him the force of the thing adjudged.   We see no legal objection to the subrogations under which the plaintiff claims ; they promote the ends of justice, and tend to prevent a multiplicity of suits.   We are not prepared to say that there was no privity between *William L. Gray* and *P. J. Hunter*, by virtue of which the defendants might be reached.   Creditors can exercise all the rights and actions of their debtors, except those reserved in articles 1986 and 1987 of the Civil Code.   The reservation does not embrace actions of warranty.

The defence on the merits cannot avail the defendant *Harriet Kitchen*. The act of 1824, authorising parish judges to grant orders of seizure in certain cases, does not appear to have been repealed for the parish of Rapides; and the fact that the order issued for one year's interest too much, cannot affect the validity of the sale. The defendants' counsel expressly admit in their brief, that the land was bought by the *Canal Bank*. It is so stated in the sheriff's return on the writ, and the agent of the bank swears that the bank now holds it, by virtue of that purchase. Under that evidence, we must take that fact as true, without regard to the mode in which the adjudication was made. The act of mortgage under which the eviction took place containing the pact *de non alienando*, the possessor was not necessarily apprised of the seizure, and could not be required to give notice of it to the defendants; if he had done so, the defence which warrantors can make against an action of mortgage is not such as would in any case release them from the waranty. Civil Code, art 2494. *Carter* v. *Caldwell*, 15 La. 472.

The defendants have asked that if judgment be rendered against either of them, they may be authorised to satisfy it by returning the land. It is proved that *William L. Gray* has ceased to occupy the land, since the adjudication to the *Canal Bank*. The eviction is complete, and the rights of the parties are fixed. Had the land been tendered to the plaintiff, we could not compel him to accept it. But it is proved to be still the property of the bank, and the application of the defendants has nothing to rest upon. *William L. Gray* has been evicted, and, under the decision in *Carter* v. *Caldwell*, which we believe to be correct, his assingnor is entitled to recover any portion of the price which *Gray* had paid at the time of the eviction.

The act of sale from *Hunter* to *Gray* establishes the fact that the latter paid $3,258, cash; nothing in the record shows the balance of the price to have been paid, and no damages are proved, except those due in the shape of interest on the price since the eviction.

The defendant, *Harriet Kitchen*, alone purchased the land from *P. M. Cuny;* her husband had no title to it, and could convey none; he joined in the act of sale to *Hunter* to authorise his wife, and the judgment should have been rendered against the wife alone. We are of opinion that she is entitled to the judgment claimed against her vendor, *Philip M. Cuny*.

It is ordered that the judgment in this case be reversed; and that there be judgment in favor of the plaintiff against the defendant, *Harriet Kitchen*, wife of *Cæsar J. Cuny*, for the sum of $3,258, with legal interest from the 6th day of August, 1842, till paid, and costs in both courts. It is further ordered that *Harriet Kitchen* recover from *Philip M. Cuny* the sum of $3,258, with legal interest from the 6th day of August, 1842, till paid, and costs in both courts. It is further ordered that there be judgment in favor of *Cæsar J. Cuny*.