## McWILLIAMS v. HARPER. *
### No. 4977.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1935.

Murff & Perkins, of Shreveport, for appellant.

Isaac Abramson, of Shreveport, for appellee.

MILLS, Judge.

On October 20, 1927, plaintiff leased from defendant a triangular plot of ground containing about two acres, located on the north side of the Shreveport-Minden road, on Red Chute Hill in Bossier parish, La. The term of the lease was five years and the consideration a monthly rental of $17. The lease is in writing, was recorded, and provides that the lessee must "return buildings, and other improvements made, in good condition at the expiration of the lease." The instrument is silent as to whether or not lessee, at the expiration of the lease, was to be paid for improvements, made at his expense, reverting to lessor.

Lessee went immediately into possession, made improvements, and used the premises as a filling station, parking place, general store, and as a truck farm.

A change in the location of the road having been decided upon, in March, 1929, without the institution of legal proceedings, lessor dedicated a strip through the leased land for the relocated highway. Whereupon lessee, contending that the location and construction of the road rendered impractical his use of the property, abandoned same and brought suit against lessor, claiming in damages a large sum for the value of the improvements erected by him, the value of the lease above the agreed rental, and for loss of anticipated profits for the unexpired term of the lease. The Supreme Court, in a decision reported in 177 La. 728, 149 So. 437, 439, affirmed a judgment of the lower court allowing $87 for the increased rental value of the premises, rejected the demand for loss of profits as speculative and nonsuited the claim for the value of the improvements because of the vagueness of proof.

The present suit is brought on the nonsuited issue, to recover the value of the improvements alleged to have been worth $2,000.

Defendant contends that as the lease itself provides that all improvements erected by lessee during its term shall, at its expiration, become the property of lessor, and as it was verbally agreed that the reversion was to take place without remuneration, all lessee can justly claim is damage for the loss of the use of these improvements during the unexpired portion of the term. That plaintiff was given judgment in the prior suit for the increased rental value of the property which represents the value of the use of the added improvements and constitutes res judicata, which is duly plead. That this amount has been paid and that its acceptance by plaintiff creates an estoppel. That plaintiff's petition, claiming the value of the improvements themselves instead of the damage resulting from their lost use, fails to state a cause of action.

The plea of res judicata was overruled below; the exception of no cause of action was, we are informed in the briefs, referred to the merits. The plea of estoppel appears to have been neither urged nor considered. A decision on the merits will dispose of all the issues in the case.

After due trial had, the lower court rendered judgment in favor of plaintiff for $400, from which defendant has appealed, and

*Rehearing denied April 3, 1935.

plaintiff has answered the appeal, praying that the judgment be increased to $1,225.22.

At the outset it is necessary to determine whether plaintiff is entitled to recover the value of the improvements or whether his right is restricted to the value of their lost use.

The terms of the lease and the testimony show that lessor was to expend no money in the repair or improvement of the premises. Lessee was to make whatever improvements he chose at his own expense, which were to revert to lessor at the expiration of the lease. Plaintiff himself testifies that this was the agreement and that he was to receive nothing from defendant for the reversion. Without the agreement that there was to be no payment for the improvements, the case would come under the ruling in Ross v. Zuntz, 36 La. Ann. 888, which holds that where a lease contract stipulates that the improvements made by the lessee shall become the property of the lessor at its expiration, without mentioning the subject of repayment of their value, the right of lessee to compensation is not waived. By the oral testimony of lessee, supplementing the written lease, silent on the subject, compensation was expressly waived in the present case, which is governed by the decision of the Supreme Court in the case of Lighting Fixture Supply Co. v. Pacific Fire Insurance Company, 176 La. 499, 146 So. 35, 38. The decision fixes the rights of the lessor and lessee in a situation identical with the above, and reads in part as follows:

"The insurance contract herein sued on covered, by express agreement, those betterments and improvements which were not permitted by law or by agreement to be moved by the insured at the expiration of the lease. And the lease itself provided that those betterments and improvements 'must remain the property of the lessor without claim for reimbursement in the lessee.' In other words, the lessor owned the improvements made in the leased premises, subject to the lessee's right to use those improvements. Therefore the only thing owned by the lessee which was subject to the insurance contract was his immovable right of use and enjoyment in the improvements, and we think that it was this right that was covered by the insurance of the improvements themselves. The insured's recovery must be limited accordingly."

Chief Justice O'Niell, in a concurring opinion, says:

"As a matter of fact, according to the clause in the contract of lease, the lessee was not the owner of the betterments and improvements that were insured by the defendant, but had only the one element of ownership—the use of these betterments until the termination of the lease."

This is in keeping with the general rule that in the absence of fraud or bad faith, a delinquent is liable only for such damages as were reasonably contemplated at the time of the contract. Civil Code, art. 1934.

In the present case, according to his own testimony, lessee expected neither to remove his improvements at the termination of the lease nor to be reimbursed for their value. His only interest was in the use of the improvements throughout its term of five years. By the interruption of the lease he has only lost the enjoyment of that use for its unexpired portion. He can only recover damages for that loss contemplated in the agreement.

The case of Knopp v. Guerin, 144 La. 754, 81 So. 302, is not in conflict with the above, as in that case the demand was for the loss of use and not the value of the improvements. The value of the improvements was only considered in arriving at the value of the use.

But, plaintiff urges, the very language of the Supreme Court in the prior case recognizes the right of plaintiff to recover the value of the improvements. The part relied upon reads:

"As to the judgment nonsuiting the demand for the improvements, that too is correct. The evidence is too vague to justify the allowance of that demand."

Only the pleadings in the prior suit are filed herein. They do not indicate that the issues involved herein were raised. The opinion does not disclose whether the vagueness commented upon referred to evidence as to the right to recover or the amount of damage. A judgment of nonsuit decides nothing. It merely reserves the right to bring another suit for the same cause of action upon showing that the costs of the first suit have been paid. Such a judgment cannot be pleaded as res judicata. Article 536, Code of Practice.

The present suit is a direct action for the value of the improvements. Under the lease agreement, plaintiff is not entitled to recover same. The judgment in his favor is therefore erroneous and is reversed.

Judgment is now rendered rejecting plaintiff's demand, at his cost in both courts.