SAVOY, Judge.
Our present controversy stemmed from a rear-end automobile collision on May 21, 1964, on St. Mary Boulevard in Lafayette, Louisiana, when the defendant, Antoinette Davis, drove her 1955 Chevrolet automobile into the rear of plaintiff’s 1960 Buick automobile while the latter vehicle was stopped at a signal light across from the Dupre Library on the campus of the University of Southwestern Louisiana. Upon finding that the Davis vehicle carried no liability insurance coverage, Mrs. LeBlanc joined as defendants, Antoinette Davis and also her own insurance company, Travelers Indemnity Company, under the “uninsured motorist” provisions in her policy.
After a trial on the merits the trial judge rendered judgment in favor of plaintiff and against the defendant insurance company in the sum of $5,000.00 which represented $3,500.00 for her injury and $1,500.-00 for her pain and suffering; and, also rendered judgment against the defendant Davis in the sum of $417.00 representing lost wages and medical expenses incurred. Travelers Indemnity Company was awarded, by an amended judgment, the sum of $5,000.00 against Antoinette Davis.
*186 Defendant Davis did not appeal from the judgment of the lower court, and on appeal we are only concerned with the question of whether or not the plaintiff’s refusal (through her attorney) to give to her insurance company medical authorizations so it could obtain information on her injuries would defeat her recovery.
Specifically, the defendant insurer contends that the trial court erred in: (1) failing to sustain the exception of no cause or right of action, and to grant the motion for summary judgment dismissing plaintiff’s suit; and (2) concluding that the injuries of plaintiff justified so high an award as $5,000.00.
Paragraph (7) under “Conditions” in the insurance policy reads as follows:
“7. Proof of Claim; Medical Reports. As soon as practicable, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable. The insured and every other person making claim shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.
“The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records.”
Travelers attempts to show non-compliance of the above provision by interrogatories propounded to plaintiff and also in the discovery deposition of plaintiff which was taken prior to the trial of the case. In the last part of Interrogatory No. 3, Travelers requested the following:
“(d) Please advise whether these reports will be made available voluntarily to the defendant for inspection and copying.”
Plaintiff’s answer to this interrogatory was:
“(d) These reports will be submitted to you at the discretion of my attorneys.”
Thereafter, upon a trial of objections to Interrogatory No. 1 wherein Travelers requested physical findings of each of the physicians who have examined plaintiff, the district judge sustained plaintiff’s objection stating:
“ * * * Counsel for plaintiff answers Section (d) of Interrogatory 3 by stating that reports referred to will not be given to counsel for defendant, but refers him to discovery deposition.”
In the discovery deposition of Mrs. Le-Blanc the following questions were asked:
“Q. Mrs. LeBlanc, would you give us a medical authorization to authorize us to talk to your doctor ?
“A. Oh, yeah.
“MR. SIMON: We object, it’s a legal question.
“MR. DAVIDSON: Well, I now offer you an authorization for medical care for * * * information to be obtained by the defendant in this case and ask you to please sign it.
“MR. SIMON: That’s objected to on the grounds that it addresses itself to the sound discretion and legal opinion of her counsel.
“MR. DAVIDSON: In connection with the deposition, we offer the authorization.”
Subsequently thereto, Travelers moved for dismissal of plaintiff’s suit on the grounds of no cause or right of action and for a summary judgment because of non-compliance *187 with the express provisions of the insurance policy, which motions were overruled.
For support of its position Travelers relies upon the case of Martin v. Starke, 208 So.2d 723 (La.App. 3d Cir. 1968). In the Martin case, supra, the court was faced with an identical provision in the uninsured motorist portion requiring “The injured persons shall submit to physical examination * * The defendant insurer filed an exception of no right or cause of action and a motion for summary judgment on the grounds that plaintiff failed and refused to comply with his obligation under the policy to execute authorization for obtaining medical reports and copies of medical records. The court held that since the plaintiff arbitrarily refused to give the medical authorization his suit would be dismissed as of nonsuit.
To the same effect is the case of Pappas v. Aetna Casualty & Surety Company, 191 So.2d 658 (La.App. 2d Cir. 1966). In Pappas, supra, plaintiffs refused to furnish their insurer medical reports of physicians who may have treated them, and they also refused to submit to physical examinations when requested by their insurer. The court likewise dismissed their suit as of nonsuit, thus not irrevocably prejudicing them for their refusal to comply with the terms of the policy.
Reference to the cases cited above shows that our jurisprudence has evolved the rule that in cases involving “uninsured motorist” provision wherein the policy requires that the injured (insured) party submit medical authorizations to the insurer upon its request or that the party making a claim submit to reasonable physical examinations by doctors chosen by the insurer, failure of the claimant to comply with these terms will subject his suit to dismissal as of nonsuit.
In the case at bar, the trial judge should have dismissed plaintiff’s suit as of nonsuit upon her failure to furnish medical authorization to her insurer as provided by Paragraph (7) of the insurance policy referred to hereinabove.
For the reasons assigned the judgment of the district court is reversed and judgment is hereby rendered in favor of defendant, Travelers Indemnity Company, and against plaintiff, Hilda Petitjean LeBlanc, dismissing her suit as of nonsuit at her costs.
Reversed.
TATE, J., dissents and will assign written reasons.