No. 2635.—LA SOCIETE DE BIENFAISANCE DES ARTS ET METIERS *v.* WILLIAM B. MORRIS & Co., Agents of the Home Mutual Insurance Company of New Haven, Connecticut.

A defective citation addressed to a company, or the agents of a company, is cured by the defendants appearing and answering by general denial.
An insurer does not lose his right to recover on the policy in case of loss by fire, because he has not paid the premium, if it be shown that it was not the custom of the company to exact prompt payment. 19 An. 214.

APPEAL from the Fifth District Court of New Orleans. *Leaumont, J. James Lingan,* for plaintiff and appellee. *G. Campbell,* for defendants and appellants.

TALIAFERRO, J. This is an action to recover from the defendants $4500 on a policy of insurance taken by the plaintiffs on certain property of theirs subsequently destroyed by fire. The answer is a general denial. The plaintiffs had judgment, and defendants have appealed. The defense is mainly technical. It is contended that no legal citation was ever issued to or served upon the insurance company. The suit is brought against Morris & Co., agents, and the Home Mutual Insurance Company, of New Haven, Connecticut. The style of the suit appears upon the citation, and it is addressed to William B. Morris & Co., agents. If this were defective, we think the defect cured by the answer. Morris & Co., individually and as agents of the company, were distinctly made defendants. The defendants, as they style themselves, appeared by their attorney and answered by general denial.

It is contended on the part of the defense that the plaintiffs had not complied with the requirements necessary to enable them to recover, viz.: notices of loss and preliminary proof. The evidence we think shows a state of facts that obviates that necessity. It is shown that on the morning after the occurrence of the fire by which the plaintiffs' buildings were destroyed, the accident was made known to the secretary and the agent of the company, Morris, and that the latter

promptly ignored all responsibility of the company, saying that the policy had within a few days been annulled on account of the non-payment of the premium. At the time the contract was entered into the agent was requested to send the memorandum bill to the treasurer of the society, who would pay it, to which the agent replied, "that is all right." Payment of the premium was not exacted at the time of making out the policy. That instrument was made out, as the agent states, about the seventh of February, 1868, and was put into the safe subject to call." The clerk of the company was instructed to collect the premium, and he testifies that he went several times to the hall of plaintiffs for that purpose, but failed to find any person there representing them.

We do not think, under the state of the facts shown, that the plaintiffs lost their rights under the contract. See the case of Pino v. Merchants' Mutual Insurance Company, 19 An. 214; Parsons on Contracts, vol. 2, page 461.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.

<hr>

### On Application for Rehearing.

HOWE, J. We understand the judgment in this case to be one against the Home Insurance Company, represented herein by its agents, W. B. Morris & Co. There is no judgment against W. B. Morris & Co., individually.

The point in regard to apportionment was not made in the original argument, and will not now be examined.

Rehearing refused.