BRUNOT, J.
 

 This is a suit for $5,010. The petition alleges three causes of action which were not pleaded in the alternative. Defendant filed a motion to elect. The motion to elect was sustained, and the plaintiff elected to sue upon a quantum meruit for all items on the account annexed to the petition, except a casket priced thereon at $4,750, and upon a contract for that item.
 

 The case does not present any seriously disputed facts. Judgment was rendered in the district court in favor of the plaintiff for $360, the sum' of the items claimed on a quantum meruit, with legal interest thereon from judicial demand and court costs, and reserving to the plaintiff the right to sue upon a quantum meruit or implied contract for the price of the casket.
 

 Defendant appealed from the judgment and, in.this court, assigns as errors.: First, that the trial judge erred in reserving, in the judgment, the right of plaintiff to sue upon a quantum meruit or implied contract for the casket; and, second, in rendering judgment for the part of plaintiff’s claim he elected to sue for upon a quantum meruit. Appellant does not, either in argument or brief, attempt to support his second assignment of error, and we do not think that it has any merit. The allegations of the petition are clear and comprehensive. The personal services performed, the advances made, and the items furnished by plaintiff for the account of defendant, are fully set forth therein. The prayer is for judgment for the value thereof, and the judgment is in accord with the proof and the prayer. Appellant has not cited any authority which supports his contention that the judge erred in reserving to plaintiff the right to sue upon a quantum meruit or implied contract for the value of the casket. He pleads estoppel, but the judgment, with respect to this item of plaintiff’s account, is one of nonsuit.
 

 A judgment of nonsuit, or dismissal, which does not determine the rights of the parties, is in no case res adjudicata. Baudin v. Roliff, 1 Mart. (N. S.) 165, 14 Am. Dec. 181; Thomas v. Callihan, 6 Mart. (N. S.) 331; Dicks v. Cash, 7 Mart. (N. S.) 362; Perrillat v. Puech, 2 La. 428; Jordan v. Black, 1 Rob. 575; Gilbert v. Burg, 7 Rob. 15; Mills v. Webber, 7 Rob. 108; Rutledge v. Barnes, 12 Rob. 160; Lynch v. Kitchen, 2 La. Ann. 843; Fisk v. Parker, 14 La. Ann. 491.
 

 A nonsuit is not res adjudicata, though plaintiff, by his judicial admissions in the former suit, be estopped from a recovery. D’Arensbourg v. Chauvin, 6 La. Ann. 778.
 

 It is upon the theory that plaintiff’s judicial admissions in this suit estop him from hereafter suing, except upon a contract, for the recovery of the sum alleged to be due for the casket, that appellant bases his contention that the judgment appealed from erroneously reserves to plaintiff the right to,
 
 *315
 
 subsequently, bring sucb a suit upon a quantum meruit or implied contract.
 

 A judgment of nonsuit, whether with or without reservation of the right to again sue upon the same cause of action, decides nothing with respect to the merits of the claim thus disposed of. Such a judgment merely íeaves the situation, as to that cause of action, as if no suit had ever been filed upon it.
 

 The judgment appealed from is therefore affirmed at appellant’s cost.