208 So.2d 723 (1968)
Roy J. MARTIN, Plaintiff and Appellant,
v.
Daniel Leon STARKE et al., Defendants and Appellees.
No. 2235.
Court of Appeal of Louisiana, Third Circuit.
March 27, 1968.
Rehearing Denied April 22, 1968.
Writ Refused June 4, 1968.
*724 J. Minos Simon, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by J. J. Davidson, Jr., Lafayette, La., for defendants-appellees.
Voorhies, Labbe, Fontenot, Leonard & McGlasson, by Patrick A. Juneau, Jr., Lafayette, for intervenor-appellee-appellant.
Before SAVOY, CULPEPPER and LEAR, JJ.
CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of a collision between an automobile driven by the plaintiff, Roy J. Martin, and one being driven by the defendant, Daniel Leon Starke. It is alleged that Starke was an uninsured motorist. Hence, plaintiff also seeks recovery from his own liability insurer, Globe Indemnity Company, under the uninsured motorist provisions.
The defendant insurer filed an Exception of No Right or Cause of Action and a Motion for Summary Judgment, on the grounds that plaintiff failed and refused to comply with his obligation under the policy, to execute authorization to enable the company to obtain medical reports and copies of medical records. After a hearing, the trial judge sustained the Exception of No Cause or Right of Action and the Motion for Summary Judgment, dismissing plaintiff's suit as to the defendant insurer, with prejudice. Plaintiff appealed.
The facts, as shown by the pleadings, affidavits, exhibits and answers to interrogatories introduced in evidence in connection with the Motion for Summary Judgment, are as follows: Plaintiff was injured on June 9, 1965. The next day he was interviewed by a representative of the defendant insurer and executed an authorization for defendant to obtain medical reports and copies of records. However, this authorization was never used, apparently because the insurer did not know that a claim was going to be made under the uninsured motorist provisions until plaintiff filed suit on March 3, 1966.
After suit was filed counsel for defendant wrote a letter on March 28, 1966 to the attorneys for the plaintiff, in which they stated that they had in their file the medical authorization previously signed by plaintiff. They asked if, as a matter of courtesy, plaintiff would furnish the names of all doctors who had treated him, as well as copies of any medical information received from Dr. William L. Zink, Dr. Dean Echols, and Our Lady of Lourdes Hospital, who are alleged by plaintiff in his petition to have furnished treatment to him.
When defense counsel received no response to the letter of March 28, 1966, they then propounded interrogatories, asking for the names of witnesses, doctors, etc. Interrogatory No. 7 reads as follows:
"Please advise if you will authorize Globe Indemnity Company or its representative to contact any physician or surgeon who has examined or treated you and any hospital where you have been examined or treated, and authorize such physician, surgeon and/or hospital to furnish any information and/or records which they or any of them may have in connection with such treatment or examination."
The answer given by plaintiff to Interrogatory No. 7 quoted above was "No." No explanation or reason whatsoever was given for this answer.
This was an arbitrary refusal to comply with the following applicable clause of the policy:
"`The injured person shall submit to physical examination by physicians selected *725 by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of the records.'" (Emphasis added.)
Plaintiff argues that since the insurer already had one medical authorization, it was not entitled to another. Of course, the policy expressly provides that the injured person "shall upon each request from the company execute authorization." (Emphasis added) This language is clear and unambiguous.
There is not even a contention that there was anything unreasonable or harassing about the number or nature of requests. How could there be? All plaintiff had to do was answer the interrogatory: "Yes."
Plaintiff also contends it is incumbent upon the defendant insurer to show that it tried to use the first medical authorization and was unable to do so. Defendant's explanation of the circumstances is most reasonable. Defendant explains that although it had obtained the first medical authorization from the plaintiff the day after the accident, it didn't use it because no claim under the uninsured motorist provisions of the policy was made until suit was filed. After suit was filed, defense counsel thought that it would be best to confirm with plaintiff's attorney that the authorization was proper and could be used. Defense counsel first tried to obtain affirmance of the right to use the original medical authorization in the letter of March 28, 1966. Receiving no response to the letter, the next most logical thing to do was to propound interrogatories. Of course, the response they got from the interrogatories was that there was no authorization for the defendant to seek medical information. Hence, it was defense counsel's understanding, and logically so, that they were not authorized by the plaintiff to seek any medical reports or records.
Another argument by plaintiff appears to be that he has complied with the co-operation clause by mailing to defense counsel copies of the medical reports of Dr. Zink and Dr. Echols a few days before the hearing. This is not compliance with the contract. The co-operation clause does not require the plaintiff to furnish copies of reports from the doctors or the hospitals. All the clause requires is that the defendant be authorized to obtain these reports. Of course, there may be other doctors from whom the defendant now or in the future may desire to obtain reports. Also, there is admittedly one hospital and a clinic which has already treated plaintiff, and certainly defendant is entitled to an authorization to obtain these records. All plaintiff had to do to comply with the contract was agree to furnish the authorization requested in the interrogatory.
Plaintiff also says it is incumbent upon the defendant insurer to show that it has tried to use the first authorization to no avail. Since the last word defendant had from plaintiff was that it had no authorization to request copies of medical information, why should it be required to first go to these doctors and hospitals and request medical information, knowing full well that it had no authorization to make such requests? Actually, counsel for defendant could reasonably take the position that it was unethical for him to seek these medical reports directly, without the consent or knowledge of plaintiff's attorney, in view of the way the interrogatory was answered.
A policy of insurance is a contract between the parties. Where the language is clear and expresses the intention of the parties, it must be enforced by the courts as written. See Pappas v. Aetna Casualty & Surety Company, La.App., 191 So.2d 658 (2d Cir. 1966), which dismissed plaintiff's suit as of nonsuit, for refusal to comply *726 with the identical co-operation clause at issue here.
We think the judgment appealed should be amended so as to dismiss plaintiff's suit as of nonsuit, rather than finally. Pappas v. Aetna Casualty & Surety Company, supra.
For the reasons assigned, the judgment appealed is amended so as to dismiss plaintiff's suit, as of nonsuit, rather than finally. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff.
Amended and affirmed.
LEAR, Judge (dissenting).
The majority opinion sets forth the facts in this case and those facts will not be restated.
It is the view of the majority that the provision of the policy to the effect that the insured will grant a medical authorization "upon each request" should be interpreted strictly. I agree with the majority that the insured is required in the policy to grant medical authorization; however, I do not interpret that "each request" means that the insurer can make requests for authorization which it already possesses.
As shown by the record, Globe Indemnity Company had an authorization given by the plaintiff dated June 10, 1965, which authorization gave any physician, surgeon or hospital permission to release medical information in connection with plaintiff's examination or treatment. The record does not reflect that the insurer ever attempted to use this authorization.
I am of the opinion that a breach of the condition requiring cooperation, in order to allow the insurer to escape liability, must be material and must be of such nature as to hinder the insurer of its investigation of the happening or of such gravity as to be prejudicial to the rights of the insurer.
In view of the fact that authorization was given the day after the accident, I fail to see how the rights of the defendant, Globe Indemnity Company, have been prejudiced in any way, especially in view of the fact that defendant has not made any showing that it attempted without avail to use such authorization.
For the reasons above assigned, I respectfully dissent.

On Application for Rehearing.
En Banc. Rehearing denied.
LEAR, J., votes for rehearing.