TATE, Judge
(dissenting).
The plaintiff Mrs. LeBlanc obtained insurance from the defendant Travelers containing an “uninsured motorists” coverage. By the terms of this coverage, the insurer agreed to pay all damages which the plaintiff insured might be legally entitled to recover from the operator of an uninsured automobile because of bodily injury, not to exceed Five Thousand Dollars per accident.
The evidence proves without dispute that Mrs. LeBlanc was injured through the negligence of the codefendant Antoinette Davis. In my opinion, the evidence also supports the award of five thousand dollars against the defendant insurer for the personal injuries sustained, although the appellant insurer (alternatively) contends the recovery should be reduced to $1,500.
But we neither affirmed recovery nor .even awarded the plaintiff the $1,500 damages the insurer admits was sustained through the negligence of the uninsured motorist. Why not?
We say that we must dismiss the plaintiff’s suit because she refused to turn over written copies of examination reports. We reach this harsh result, even though by discovery deposition the defendant was able to obtain the full information it desired. In my opinion, the trial court properly held that, under these circumstances, the insurer was not entitled to dismissal of this suit (as our majority now holds), for the reason the insurer was not prejudiced by the *188 plaintiff’s stubborn and mistaken refusal— the insurer obtained through compulsion all the information which the plaintiff should have voluntarily afforded the defendant insurer.
It seems to me to exalt form over substance to dismiss this suit because of noncompliance with an incidental and auxiliary provision of the policy, where the insurer was not prejudiced by it and where the evidence overwhelmingly indicates the insurer’s liability under the insuring clause of the policy. The appropriate penalty for the plaintiff’s noncompliance with the policy provision might be an assessment of the additional costs occasioned her insurer — or even of all the court costs — but a dismissal for (presumably) retrial serves no purpose; it penalizes the court system and opposing party (for additional attorney’s fees) as much or more as it does the plaintiff.
Our majority reaches this conclusion in reliance upon some decisions which have dismissed as of non-suit actions by plaintiffs who failed to comply with this provision. Martin v. Starke, La.App. 3 Cir., 208 So.2d 723, certiorari refused (“application * * * not timely”), La., 210 So.2d 509; Pappas v. Aetna Casualty & Surety Co., La.App. 2 Cir., 191 So.2d 658 (no writ applied for). If truly the right or cause of action does not accrue to the plaintiff until he furnishes medical records upon request, the running of prescription may be indefinitely suspended on his claim against his insurer until ultimately he does furnish the forms per the request. But I have some doubts at this point that the insured’s failure to comply with this minor policy condition is indeed a peremptory bar to his suit, rather than occasioning a dilatory defense by way of prematurity and compulsory medical disclosure at the plaintiff’s cost. Nevertheless, we need not determine this issue here, where on this appeal the full compulsory disclosure has avoided any prejudice to the defendant insurer caused by the plaintiff’s obduracy.
To point to a similar approach, most automobile liability policies contain a provision that the insured must give notice of an accident to his insurer. In many states in the past this was held to be a condition precedent, with noncompliance a peremptory bar to recovery. Couch on Insurance 2d, Section 101 (1965). Despite this, in Louisiana the failure to give such notice does not defeat recovery in the absence of real prejudice to the insurer. Jackson v. State Farm Mutual Auto. Ins. Co., 211 La. 19, 29 So.2d 177; Howard v. Early Chevrolet-Pontiac-Cadillac, Inc., La.App. 2 Cir., 150 So.2d 309; cf. also, West v. Monroe Bakery, Inc., 217 La. 189, 46 So.2d 122. This is also the growing trend in other American jurisdictions. Couch, Section 127.
Our Civil Code recognizes a distinction between stipulations which go to the essence and nature of a contract, and stipulations incidental thereto which are merely “accidental”. La.Civil Code Art. 1764(3). Our jurisprudence early recognized that an obligor’s non-performance of an accidental stipulation does not invariably have the effect of his forfeiting rights to which he is entitled under the contract, since such a covenant is not of the essence of the contract. Moore v. O’Bannon and Julien, 126 La. 161, 52 So. 253 (1910); see also Andrus v. Eunice Band Mill Co., 185 La. 403, 169 So. 449 (1936).
In the present instance, the principal cause or motive for this contract coverage was to provide protection for the insured against damages caused her by an uninsured motorist. As an incidental stipulation, in order to enable the insurer to assess its liability more quickly and certainly, the contract required the insured to give her insurer access to medical reports and records of her condition. For reasons involving an incorrect claim of personal privilege, the insured refused to comply with her obligation; but her insurer was nevertheless able by court compulsion to obtain the denied medical information.
The record overwhelmingly shows the insurer is liable to its insured under the insuring clause, which is the principal ob *189 ject of the coverage agreement. It appears to me inequitable and legally unsound to hold the noncompliance with this incidental stipulation, found at the end of a long and involved insurance coverage, entitles the insurer ipso facto to avoid paying its proved liability to its insured under the primary insuring clause which was the principal object of the contract.
I would affirm the trial court’s allowance of recovery, in the proven, absence of prejudice to the defendant insurer; although I think in fairness the plaintiff insured might be penalized by assessment of all or part of the court costs, which arguably were occasioned in part by her failure to perform this incidental minor clause of the coverage in question.
For these reasons, I respectfully dissent.
On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., dissents.