223 So.2d 862

**Hilda Petitjean LeBLANC**

**v.**

**Antoinette DAVIS and Travelers Indemnity Company.**

**No. 49498.**

June 9, 1969.

Rehearing Denied June 27, 1969.

J. Minos Simon, Lafayette, for relatrix.

Davidson, Meaux, Onebane & Donohoe, J. J. Davidson, Jr., Lafayette, for defendant-respondent.

FOURNET, Chief Justice.

This is a suit by Mrs. LeBlanc against her insurer, Travelers Indemnity Company on the Family Protection Coverage[1] of a family automobile policy issued to her on June 2, 1963 covering her 1960 Buick to recover damages sustained on May 21, 1964 when her car was struck in the rear by the vehicle driven by Antoinette Davis, who was uninsured. The case is now before us pursuant to a writ of certiorari granted by this court, 252 La. 956, 215 So. 2d 127, on plaintiff's application in order that we might review the judgment of the Court of Appeal for the Third Circuit, reversing the judgment of the district court awarding her the policy limits of $5,000 against Travelers and dismissing her suit as of nonsuit because of her failure to comply with her obligation set forth in paragraph 7 under the heading, "Conditions."[2]

While the record does not clearly indicate exactly when the insured gave the company proof of claim, the record does show that after suit was filed on January 27, 1965 Travelers, apparently not having

---

1. The pertinent provisions of the policy upon which this suit is based is set forth in Part IV, Coverage F, wherein the company agrees: "To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident arising out of the ownership, maintenance or use of such uninsured automobile; * * *."

2. In respect to proof of claims made under Part IV the policy requires: "As soon as practicable, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment and other details entering into the determination of the amount payable. The insured and every other person making claim shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim.

"The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable the company to obtain medical reports and copies of records."

sufficient information to properly evaluate the claim of the insured, propounded interrogatories to the plaintiff requesting the names of all doctors who had treated or examined her along with the physical findings of each, what, if any, written reports had been rendered and if they would be made available voluntarily. Counsel for plaintiff vigorously resisted all efforts of the defendant to secure any information in regard to the physicians' findings, objecting to the interrogatories, which was sustained by the trial judge along with the notation that counsel refused to give the written reports, referring the defendant to discovery depositions. Upon advice of her counsel Mrs. LeBlanc again was not allowed to give the information requested in a deposition taken of her testimony by defense counsel. Whereupon, Travelers sought to have her suit dismissed for violating the policy contract, filing an exception of no cause or right of action and alternatively, a motion for summary judgment, the same being denied by the trial judge. Pointing out that plaintiff had failed to keep her appointment previously arranged by defendant and that it had been discovered she had been examined by Dr. Salatich whose deposition was to be taken by plaintiff for her own trial purposes, Travelers obtained a continuance in order to secure an examination of plaintiff by a doctor of its choosing. The matter was submitted on the merits upon the depositions of the various witnesses, subject, however, to all exceptions, motions and objections heretofore filed on behalf of Travelers and judgment was rendered in favor of the plaintiff against Travelers for $5,000, being the policy limits.

The court of appeal, in reversing the lower court, followed the jurisprudence generally obtaining that, subject to statutory limitations, a policy of insurance is a contract between the parties and as between them constitutes the law of the case governed by the rules of interpretation for such agreements, and when the language is clear and expresses the intention of the parties, it will be enforced by the court as written, L.S.A.–C.C. Arts. 1901, 1945, 1946. See, Pappas v. Aetna Casualty & Surety Co., 191 So.2d 658, and Martin v. Starke, La.App., 208 So.2d 723, by the Second and Third Circuit Courts respectively, wherein the plaintiffs' suits were dismissed as of nonsuit for refusal to comply with the identical cooperation clause as at issue here.

Counsel for plaintiff concedes that the policy is the law of the case but contends that the provisions in question to which plaintiff allegedly failed to comply was an incidental stipulation of the insurance contract not forming a part of the essence and nature thereof, and inasmuch as the insurer failed to show any prejudice to its rights thereunder, there is not such a violation to warrant the dismissal of the suit.

Ingenious counsel evidently overlooked that the basis of plaintiff's rights in the case at bar is purely contractual, and as pointed out by this court in the recent case of Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580, 581, the action under the uninsured motorist provision is a unique one. While this particular provision provides for payment on the part of the insurer to the insured for damages for bodily injury sustained as a result of the fault of a third person in operating an uninsured vehicle, as a condition precedent,[3] however, there is a mandatory obligation under the express words of the contract, as reflected in footnote 2, that the insured (1) "as soon as practicable * * * *shall* give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment and other details entering into the determination of the amount payable," (2) "*shall* submit to examination under oath by any person named by the company and subscribe the same, as often as may reasonably be required," (3) "*shall* submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require" and (4) "*shall* upon each request from the company execute authorization to enable the company to obtain medical re-

ports and copies of records." These are neither incidental nor accidental stipulations and is, in fact, an obligation on the part of the insured being, as stated above, a condition precedent to his right of recovery. (Emphasis added.)

Clearly, these mandatory requirements on the part of the insured are reasonable inasmuch as such information is in the exclusive control and knowledge of the insured and necessary to assure the company of adequate information in order to evaluate the extent of the injury and the amount of damages which might be involved in order to fulfill its obligation under the contract; hence, the reason for making them a condition precedent in the confection of the contract.

The fallacy of counsel's argument that Travelers was not prejudiced by the insured's action is unrealistic. Under the terms of the policy the insurer was entitled to receive from the insured as a condition precedent full medical information promptly from the date of the accident whereas the arbitrary refusal to comply imposed upon the insurer substantial expense and time to obtain information to which it was entitled without any cost or expense whatsoever. In addition, the information that the company did finally receive through

3. Under the express provisions of paragraph 27 under the title "Conditions" it is provided: "No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy. * * * *."

the depositions were long after the accident and institution of the suit and only received when plaintiff took the testimony of her own doctor for her own trial purposes during which defendant was required to proceed wtihout benefit of the medical reports to which it was entitled in order to adequately conduct her cross-examination.

We hold, therefore, that the plaintiff is bound by the terms of the contract and having deliberately violated the terms thereof and her obligation thereunder, her suit was properly dismissed by the court of appeal as of nonsuit.

For the reasons assigned the judgment of the court of appeal is reinstated and made the judgment of this court.

BARHAM, Justice (dissenting).

The trial court awarded the plaintiff damages under the uninsured motorist provision of a contract of insurance with Travelers Indemnity Company. The majority has affirmed the Court of Appeal's reversal of the trial court's judgment. Their conclusion is founded on the theory that the plaintiff refused to submit medical reports and other information in regard to her physical condition as required by the proof of claim clause in the contract, and that she thereby violated the contract of insurance.

There is evidence in the record that at one point the plaintiff did refuse to submit

to her insurer the medical data requested. However, the request and her refusal were after suit was filed, after the parties to the contract became adversaries, after answer and a general denial of any liability by the defendant. If it were shown that the plaintiff failed to comply with the proof of claim requirements before denial of liability and filing of suit, then a breach of contract might be pleaded. However, such is not the case before us. The plaintiff has alleged demand and the defendant insurer's denial and rejection of her claim before her suit was filed. The defendant in its answer has denied liability under its policy, which has the effect of saying that it would not pay the plaintiff's claim even if medical proof were submitted. It did not, and does not now, deny liability on the ground that proof of claim was not properly made after the accident and before suit in compliance with the insurance contract. Moreover, it does not appear that the defendant requested medical proof prior to the suit, or that the filing of the medical proof would in any way have affected this litigation.

The majority and the Court of Appeal have erred in concluding that the plaintiff breached the contract by her refusal to submit medical reports and otherwise comply with contractual terms after defendant denied liability and suit was filed. The majority cites two appellate decisions for support of its position. Pappas v. Aetna Casu-

alty & Surety Co., 191 So.2d 658 (La.App. 2nd Cir. 1966), is inapposite, and Martin v. Starke, 208 So.2d 723 (La.App. 3rd Cir. 1968), cert. den. 252 La. 272, 210 So.2d 509, I believe to be erroneous. Our denial of writs in that suit was based upon the untimely filing of the application.

It is my opinion that the defendant waived its right to raise the lack or inadequacy of proof of claim when it refused to pay upon the theory that there was no liability under the policy. It is a general legal concept recognized in most jurisdictions that such a denial of liability under the contract acts as a waiver of the contractual condition or provision requiring proof of loss or filing of a medical claim. 44 Am. Jur.2d Insurance § 1517; Thompson v. State Assur. Co., 160 La. 683, 107 So. 489 (1926); Pete v. Metropolitan Life Ins. Co., 171 So. 868 (La.App. 1st Cir. 1937); Standard Brass & Mfg. Co. v. Maryland Casualty Co., 153 So.2d 475 (La.App. 4th Cir. 1963); see also La Societe de Bienfaisance des Arts et Metiers v. Morris & Co., 24 La.Ann. 347 (1872).

The defendant's denial of liability removed it and the plaintiff from the contractual requirements which appertained before such a denial, and it cannot now make use of these contractual terms so as to deny the plaintiff an equal position in the adversary trial proceedings or deny her the benefit and protection of our Code of Civil Procedure.

I would reverse the judgment of the Court of Appeal and reinstate the trial court's judgment, and therefore must respectfully dissent.

Rehearing denied.

BARHAM, J., is of the opinion a rehearing should be granted.