FRUGÉ, Judge.
This suit is a sequel to LeBlanc v. Davis and Travelers Indemnity Company, 213 So.2d 185, La.App.3rd Cir., 1968, and 254 *79 La. 439, 223 So.2d 862 (1969). This suit, as originally filed and as now before us, is a suit by an insured against his own liability insurer for personal injuries under the uninsured motorists provision of the insurance contract. Plaintiff has appealed from an adverse judgment. We affirm.
This court and the Supreme Court in the above cases held that the plaintiff, having failed to comply with a provision in the insurance contract requiring the insured to furnish medical reports to the insurer breached the terms of the contract. The Supreme Court affirmed this court’s dismissal of plaintiff’s action as a non-suit. We are now called upon to decide whether the insured is precluded from pursuing a subsequent suit, being identical in every respect except that the insured furnished the required medical reports.
A judgment of non-suit is never res judicata. Coleman v. Forsythe, 137 La. 1092, 69 So. 849 (1915); McCook v. Comegys, 169 La. 312, 125 So. 134 (1929); McCook v. Comegys, 169 La. 701, 125 So. 860 (1929); McWilliams v. Harper, 159 So. 454, La.App.2nd Cir., 1935.
A rule gathering eminence in our jurisprudence, termed “the law of the case”, has been argued as the proper rule to apply in this case. Keller v. Thompson, 134 So.2d 395, La.App.3rd Cir., 1961; Murphy v. Fidelity & Casualty Co. of New York, 165 So.2d 497, La.App.2nd Cir., 1964. However, we do not think that that principle is applicable as this case is one based on contract, and the contract itself is the law of the case. By failing to comply with the provision of the contract, plaintiff breached a provision with which he obligated himself to comply; a law which he was a party in making.
 Both this court and the Supreme Court held that the breach by the plaintiff was a deliberate violation of a condition precedent; a condition precedent to a claim for benefits under the provisions of the contract. Our earlier decisions merely held that the breach was of such a nature that plaintiff was precluded from seeking judicial enforcement of her claim. To bring a suit on a contract, a party must show substantial compliance with its terms. Lundy v. S. Pfeifer & Co., 162 La. 355, 110 So. 556 (1926). Plaintiff failed in the first instance; hence, her suit was dismissed as a non-suit. By now offering to comply with the terms of the contract, plaintiff cannot erase the prior breach.
For the foregoing reasons, the decision is affirmed. Plaintiff-appellant to pay the costs.
Affirmed.