252 So.2d 545 (1971)
Jean A. FERRO, wife of/and Raymond R. Ferro
v.
Rose W. GEBBIA and American Indemnity Company.
No. 4467.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1971.
Rehearing Denied October 6, 1971.
Writ Refused December 2, 1971.
Law Offices of Steven R. Plotkin, David Gertler, Shirley Ann Basile, New Orleans, for plaintiffs-appellees.
Drury, Lozes & Curry, Rene A. Curry, Jr., New Orleans, for American Indemnity Co., defendant-appellant.
Before TAYLOR, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
An insurer has appealed from that portion of a judgment awarding its insured $2750 for a cervical strain sustained in an accident with an uninsured motorist. The contract provision on which the award was made afforded plaintiff uninsured motorist *546 coverage whereby the insurer agreed to pay its insured damages for bodily injury caused by a third party's negligence while operating an uninsured vehicle.
The defense against the direct line claim is twofold, to wit: (1) Jean Ferro, its insured, was negligent, and this was either the sole or a contributing proximate cause of the accident; and (2) its insured refused to submit to a physical examination by a doctor selected by defendant, and in so doing she failed to comply with a condition precedent to her making this claim.
The lower court absolved plaintiff of any negligence, and further concluded the insurer failed to prove plaintiff refused to submit to an examination by a defense-selected doctor. Other claims, defenses and third party demands raised in the lower court are not before us because the litigants affected have neither appealed nor answered this appeal; therefore, we need not discuss them.
First, we consider the issue of fault. Our review of the testimony convinces us the accident happened in this manner. On January 10, 1969, plaintiff drove her vehicle up the Carrollton Avenue entrance ramp to the westbound lane of Interstate 10, known locally as the Expressway. At the point where the ramp merges into the main traffic artery, a motorist on the ramp is required to yield to traffic moving on the Expressway. Jean Ferro did just this and as she was stopped, awaiting an opportunity to enter the Expressway, her automobile was struck from the rear by another driven by Rose Gebbia. According to defendant, the driver of the lead car drove into the left westbound lane of the Expressway from her stopped position. She said she then followed and drove into the right westbound lane from the ramp where the Ferro vehicle suddenly swerved, without warning, into her path. She contends that despite her efforts she was unable to avoid hitting the rear of the plaintiff's vehicle. While the motorists' versions are diametrically opposed, we find nothing in the record to warrant reaching a different factual conclusion than that of the lower court, i. e., that Mrs. Ferro was in a stopped position, where the ramp merges with the Expressway waiting to enter the flow of traffic, when she was hit from the rear. Thus, the negligence of the following motorist was the sole proximate cause of the accident.
With regard to the policy defense, appellant argues its insured breached the contract by refusing to comply with the following provision:
"* * * [T]he injured person shall submit to physical examination by physicians selected by the company when and as often as the company may reasonably require. * * *"
We note at this point that our Supreme Court has held the above-quoted clause clearly requires an insured, seeking recovery under the uninsured motorist provision, to submit to an examination by a physician of the insurer's choice, should the insurer so require, as a condition precedent to making the claim. In reaching this result the Court reasoned, in part:
"* * * [A] policy of insurance is a contract between the parties and as between them constitutes the law of the case governed by the rules of interpretation for such agreements, and when the language is clear and expresses the intention of the parties, it will be enforced by the court as written, L.S.A.-C.C. Arts. 1901, 1945, 1946. * * *" LeBlanc v. Davis, 254 La. 439, 223 So.2d 862, 863 (1969).
In the instant case, the issue is not whether plaintiff refused to submit to a medical examination, but whether, in fact, defendant ever demanded that she be examined by a physician of its choosing. The evidence on this point may be summarized as follows:
At the request of the defendant, plaintiff was available to the defendant insurer in *547 her attorney's office for the stated purpose of permitting an adjuster to take her statement as to events surrounding the accident. At this meeting the adjuster said the company would like to have plaintiff examined by Dr. Richard Levy, a neurosurgeon. Plaintiff's attorney apparently shook his head and both he and the adjuster mentioned several other doctors as alternatives. No agreement was reached as to which doctor, if any, would examine plaintiff. The most favorable version of this conversation was that given by the adjuster, who, in effect, conceded no specific demand was made by the insurer respecting the examination. He testified that after the attorney mentioned several other doctors names the subject was dropped. The adjuster admitted he thereafter made no specific appointment with a doctor and made no further request to plaintiff or her attorney on the insurer's behalf to submit to a medical examination.
Correspondence exchanged between plaintiff's attorney and the adjustment bureau handling this claim prior to suit indicates the insurer's file, based on its adjuster's report, reflected a refusal by plaintiff to submit to a medical examination while the attorney's letters maintained no such refusal was or has been made.
The fact remains there is no evidence that defendant set up an appointment with a doctor at a definite time and notified either plaintiff or her attorney that she was required to appear for an examination.
Since the claim arises out of a contract of insurance between plaintiff and the defendant and involves coverage for which she paid a premium, the degree of proof required to avoid liability under its contractual obligation must be certain and decisive, leaving no area for speculation and assumption. Accordingly, the defendant in the instant matter had the burden to establish by a preponderance of the evidence that the insured refused to submit to a medical examination and this it failed to do. (See Purnell v. Travelers Insurance Company, 205 So.2d 628 (La.App. 1st Cir. 1967). As a factual corollary to this proposition, it is mandatory that the defendant establish the date, time and place that the requested examination was to have taken place and that plaintiff has arbitrarily refused to keep the appointment before it can avail itself of the policy defense.
For the reasons assigned, the judgment appealed from is affirmed. Costs of this appeal are to be borne by appellant.
Affirmed.