263 So.2d 337

**Hilda Petitjean LeBLANC**

**v.**

**TRAVELERS INDEMNITY COMPANY.**

**No. 51725.**

June 5, 1972.

Rehearing Denied June 29, 1972.

J. Minos Simon, Lafayette, for plaintiff-applicant.

Davidson, Meaux, Onebane & Donohoe, J. J. Davidson, Jr., Lafayette, for defendant-respondent.

SANDERS, Justice.

We granted certiorari to review a judgment of the Third Circuit Court of Appeal denying the plaintiff uninsured motorists benefits under an insurance policy. 259 La. 805, 253 So.2d 65. We now reverse.

The circumstances of the case are novel. This is the second suit by Mrs. LeBlanc against the insurer, Travelers Indemnity Company, to recover uninsured motorists benefits based on an automobile collision in Lafayette on May 21, 1964.

Mrs. LeBlanc first filed suit on January 27, 1965. After trial on the merits, the district court rendered judgment in her favor for $5000.00, the policy limit, against both Travelers and Antoinette Davis, the uninsured motorist.

The Third Circuit Court of Appeal reversed the award against Travelers Indemnity Company. LaBlanc v. Davis, 213 So.2d 185 (1968). The Court held that Mrs. LeBlanc had breached her policy obligation by failing to timely submit medical reports to her insurer and, following Martin v. Starke, 208 So.2d 723 (La.App. 3rd Cir. 1968) and Pappas v. Aetna Casualty and Surety Co., 191 So.2d 658 (La.App. 2nd Cir. 1966), dismissed the case, without prejudice, as of nonsuit.

We granted certiorari, 252 La. 956, 215 So.2d 127. After review, we affirmed the judgment of the Court of Appeal, 254 La. 439, 223 So.2d 862 (1969), citing the same cases relied upon by the Court of Appeal.

On September 8, 1969, the plaintiff filed the present suit against Travelers for recovery of uninsured motorists benefits. The medical information at issue in the first suit had, of course, long since been furnished. After submission of the case on the merits, the district court dismissed the suit. The Third Circuit Court of Appeal affirmed. See LeBlanc v. Davis, 251 So.2d 78 (La.App. 3rd Cir. 1971).

Both lower courts dismissed the suit on the theory that our earlier holding, that Mrs. LeBlanc had violated the obligations of the insurance policy by failing to timely submit medical information, barred recovery.

In our opinion, the judgment of the Court of Appeal fails to accord proper effect to our judgment of nonsuit. Under well-established principles, a judgment of nonsuit restores matters to the status occupied before the suit was filed and leaves the plaintiff free to bring another suit on the same cause of action. Although it terminates the pending litigation, the dismissal is without prejudice. See Losch v. Greco, 173 La. 223, 136 So. 572 (1931); McCook v. Comegys, 169 La. 312, 125 So. 134 (1929); McMillan v. Lorimer, 160 La. 400, 107 So. 239 (1926); Quaker Hill, Inc. v. Guin, 95 So.2d 370 (La.App. 2nd Cir. 1957); Pounds v. Yancey, 224 So.2d 1 (La. App. 1st Cir. 1969); cert. den. 254 La. 810, 227 So.2d 145 (1969); Neal v. Hall, 28 So. 2d 131 (La.App. 2nd Cir. 1946).

In McCook v. Comegys, supra, this Court stated:

"A judgment of nonsuit, whether with or without reservation of the right to again sue upon the same cause of action, decides nothing with respect to the merits of the claim thus disposed of. Such a judgment merely leaves the situation,

as to that cause of action, as if no suit had ever been filed upon it."

Travelers contends, however, that it has been irrevocably prejudiced by the deliberate violation of the policy and that the thrust of our former decision was toward a final disposition of the case.

The contention is untenable. The judgment specifically recognized that the suit was "properly dismissed by the Court of Appeal as of nonsuit." Moreover, the two decisions relied upon, both dealing with the failure to submit medical information, support the dismissal as of nonsuit.

In Pappas v. Aetna Casualty and Surety Co., supra, the court held:

"We are of the opinion that the rights of plaintiffs should not be irrevocably *prejudiced* by their refusal to comply with the policy conditions and in *order to preserve the rights of plaintiffs to comply* with the terms of the policy the judgment of the trial court will be modified by dismissing plaintiffs' suit, as of nonsuit, and it is so ordered; plaintiffs to pay all costs of this appeal." (Italics ours).

In Martin v. Starke, supra, the trial court had dismissed the suit with prejudice, but

the Court of Appeal modified the judgment as follows:

"We think the judgment appealed should be amended so as to dismiss plaintiff's suit as of nonsuit, rather than finally."

We conclude, therefore, that our previous judgment constitutes no barrier to plaintiff's recovery in the present suit.

Since the Court of Appeal dismissed the suit based on its interpretation of our previous judgment, it did not pass upon the merits of the case, that is, basic liability and quantum. Hence, in accordance with our usual practice, we remand the case to the Court of Appeal for further proceedings. See Felt v. Price, 240 La. 966, 126 So.2d 330 (1961) and the authorities therein cited.

For the reasons assigned, the judgment of the Court of Appeal is reversed, and the case is remanded to that court for further proceedings according to law and consistent with the views herein expressed. All costs in this Court are taxed against the defendant, Travelers Indemnity Company. The assessment of all other costs is to await the outcome of the suit.

TATE, J., is recused, having participated in this case when on another court.