SAVOY, Judge.
The instant case is before this Court for the third time.
Mrs. LeBlanc, plaintiff herein, filed suit on January 27, 1965. After a trial on the merits, the district court rendered judgment in her favor and against Travelers, as insurer of Mrs. LeBlanc, and Antoinette Davis, the uninsured motorist, for $5,000.-00; and, it also rendered judgment against the defendant Davis for the additional sum of $417.00. Travelers appealed. Mrs. Davis did not. This Court reversed the district court judgment. LeBlanc v. Davis, 213 So.2d 185 (1968). We held that Mrs. LeBlanc had breached her policy obligation by failing to timely submit medical reports to her insurer and dismissed the case as of nonsuit.
The Supreme Court granted writ of cer-tiorari, 252 La. 956, 215 So.2d 127. After a hearing, the Supreme Court affirmed our judgment, 254 La. 439, 223 So.2d 862 (1969).
On September 9, 1969, plaintiff filed the present suit against Travelers for recovery *251 of uninsured benefits under its policy issued to her. After hearing the case on the merits, the district court dismissed the suit. We affirmed. LeBlanc v. Davis, 251 So.2d 78. (The Supreme Court granted writ of certiorari, 259 La. 805, 253 So.2d 65). After a hearing, the Supreme Court reversed and remanded the case to this Court, 262 La. 403, 263 So.2d 337. In its opinion the court stated:
“Since the Court of Appeal dismissed the suit based on its interpretation of our previous judgment, it did not pass upon the merits of the case, that is, basic liability and quantum. Hence, in accordance with our usual practice, we remand the case to the Court of Appeal for further proceedings. See Felt v. Price, 240 La. 966, 126 So.2d 330 (1961) and the authorities therein cited.”
The case was set for argument after the remand, and it has been argued by counsel. Counsel for Travelers contends that on the present transcript and record before this Court, plaintiff has no right of recovery, and that suit filed by her should be dismissed with prejudice. Counsel for plaintiff did not furnish us with brief but contends in oral argument that in view of the Supreme Court decision, the only matter left for determination is that of quantum.
Counsel for Travelers stated that the medical reports requested of plaintiff by it have been furnished.
In view of the quoted portion of the Supreme Court decision, we are of the opinion that the only matter before us on remand is that of liability and quantum. Travelers concedes that there is no question of liability. The only remaining matter is that of quantum.
Plaintiff was examined shortly after the accident by Dr. Paxton E. Johnson, a general practitioner. He saw plaintiff on the day of the accident which occurred on May 21, 1964.
Upon examination Dr. Johnson found spasms in her lower cervical musculature and possibly in the upper thoracic. Xray examination revealed a narrowing of the fifth, sixth and seventh interspace, and also some arthritic formation in this area. He diagnosed the condition as a cervical strain and an aggravation of her arthritic condition. He found limitation of motion in the region of the neck. He prescribed Valium, a muscle relaxant, and codeine for the pain. He also commenced diathermy treatments. Because plaintiff did not respond to this treatment, she was fitted with a cervical collar which afforded her some relief. She wore the cervical collar until June 17, 1964. Dr. Johnson continued to treat plaintiff for her neck injury until July 23rd of that year, although he permitted her to return to work about four weeks after the accident occurred. She has continued to work at her regular job since that time. Plaintiff experienced some pain in her neck in October, 1964, and again in August, 1965, and in each instance, she was given diathermy treatment by Dr. Johnson, and apparently obtained relief. Plaintiff was off work for a total of four weeks. She was never hospitalized.
Dr. Blaise Salatich, orthopedic surgeon, examined plaintiff on March 16, 1965. From his physical examination and Xray findings, Dr. Salatich found plaintiff had sustained a whiplash-type injury. Plaintiff was again examined by Dr. Salatich on November 3, 1965. She was given a physical examination, and Xrays were made of the cervical spine. The doctor found that the pre-existing arthritic condition was aggravated because of her injury. He also found that plaintiff still had limitation of forward motion with the “S” shaped appearance, indicating muscle spasm. He was of the opinion that plaintiff was getting progressively worse.
Dr. Irvin Cahen, orthopedic surgeon, examined plaintiff at the request of defendant. He examined her on November 23, 1965, at which time Xrays were also made. Dr. Cahen found no spasm, no atrophy, and also found that plaintiff moved her head and neck without pain. The straight *252 leg test was normal. He found no evidence of residual disability except the abnormality attributed to arthritis.
The special damages were stipulated to be the sum of $417.00.
Considering all of the medical and lay testimony, we are of the opinion that an award of $3,500.00 is adequate for the injuries suffered by plaintiff.
For the reasons assigned, the judgment of the district court is reversed, and judgment is hereby rendered in favor of plaintiff, Mrs. Hilda Petitjean LeBlanc, and against defendant, Travelers Indemnity Company, in the sum of $3,917.00, together with legal interest from judicial demand, and for all costs of these proceedings.
Reversed and rendered.