406 So.2d 1 (1981)
THARPE AND BROOKS, INC.
v.
ARNOTT CORPORATION, et al.
No. 14031.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
Rehearing Denied December 10, 1981.
*2 A. Morgan Brian, Jr., New Orleans, for plaintiff.
*3 Judith Atkinson Chevalier, Baton Rouge, for Davidson Sash and Door, defendants.
Bernard S. Smith, Covington, for intervenors.
James R. Strain, Slidell, for Dossman, Keller, and St. Tammany Elec.
Patrick J. Berrigan, Slidell, for Radcliff Materials, and Slidell Refrig.
J. Patrick Beauchamp, Metairie, for Cancienne.
Before ELLIS, LOTTINGER and PONDER, JJ.
PONDER, Judge.
These appeals involve a ranking between plaintiff mortgagee and seven intervening lien claimants on a private construction project.
The issues are: res judicata, no right and no cause of action, ranking of mortgage, involving particularly the validity of the affidavit attesting no work had begun or materials furnished to the building site prior to the mortgage recordation, hearsay testimony and the ranking of intervening lien claimants.
Defendant, Arnott Corporation, contracted with Bakerfield Electric, Inc., as prime contractor, to build a motel. Plaintiff, Tharpe and Brooks, Inc., agreed to supply defendant with interim financing. The note was executed on September 17, 1973. On December 18, 1973, plaintiff received an affidavit from a registered land surveyor attesting that no work had begun or materials delivered to the building site. That same day plaintiff filed in the mortgage records the site inspection affidavit, the mortgage and the building contract with an addendum.
In early 1974, Arnott severed relations with Bakerfield and thereafter itself endeavored to finish the project. When, in late 1974 and early 1975, Arnott defaulted on its obligations, claims against the project were recorded. Plaintiff filed executory proceedings to foreclose its mortgage. Several lien claimants intervened in the suit. Plaintiff then filed a rule to rank, which was dismissed on oral motion when plaintiff's then counsel failed to appear on the hearing date. The property passed by Sheriff's deed to plaintiff and was later sold by plaintiff to a third-party, Midland. Thereafter, plaintiff filed another rule to rank all the recorded claims and the mortgage. The court denied the intervenors' exceptions of res judicata, and no right and no cause of action and held that plaintiff's mortgage had priority over all liens except those for the labor of Doyle Dossman, George J. Neumiller d/b/a Delmar Plumbing and Leon Koury.[1] Plaintiff appeals as do intervenors Washington, East, Eddie Knippers and Associates, Inc., and Lavergne.
We amend and affirm.
It is asserted that the trial court's dismissal of the first motion of rank liens forecloses Tharpe's second motion to rank. Louisiana Code of Civil Procedure Articles 2596 and 1672.[2] In the absence of any indication to the contrary, the oral order for dismissal was without prejudice, an interlocutory judgment, that left the plaintiff free to bring another action. LeBlanc v. Travelers Indemnity Co., 262 La. 403, 263 So.2d 337 (1972). The trial court was correct in denying the exception of res judicata.
Intervenors' exception of no right of action on the grounds that Tharpe was not the owner of the property at the time it filed the renewed rule to rank is without merit. The trial judge was correct in finding *4 that Tharpe, as vendor of the property had the duty to warrant the sale and thus had the right to file the rule to test the liens. Louisiana Civil Code, Article 2501. La.R.S. 9:4821, relied on by appellants, added in 1976, does not have the effect of preventing one not the owner to prosecute the action if he has an interest.
Intervenors also assert that the foreclosure was invalid because Tharpe did not produce proper authentic evidence, specifically, proof of the corporate mortgagee's authority to execute the mortgage. The proper methods to raise procedural objections to executory process are suspensive appeal and injunction. Louisiana Code of Civil Procedure, Article 2642.[3] The trial court correctly denied the exceptions of no cause or right of action.
Intervenors asserted that the trial court erred in allowing a brother to identify the deceased surveyor's signature on the affidavit of no work. However, the witness' familiarity with his brother's signature was sufficiently established; the signature was adequately identified. Although intervenors contend that the affidavit is deficient due to lack of a seal required by LSA-R.S. 37:695, as it read at the time the affidavit was made, there is no requirement under LSA-R.S. 9:4819(A)(3) that a seal be placed on the affidavit of "no work". We find no error.
Intervenors further contend that Tharpe's mortgage was not valid under LSA-R.S. 9:4812 because there was no proof of the date of pledge of the collateral mortgage note. The date of pledge was adequately proven in the record.
Tharpe could rely on the affidavit of no work, even though work had previously occurred and been "undone" prior to the inspection, in the absence of a showing of fraud on the part of Tharpe.[4] The trial judge was not manifestly incorrect in finding Tharpe did not have knowledge that work had occurred on the site.
We therefore conclude, as did the trial court, that only laborer's liens took precedence over the mortgage to Tharpe.
Intervenors complain of the exclusion of testimony of Horace Womack, the president of the prime contractor as to a telephone conversation with Mr. Hinton, who represented Arnott Corporation, in which Mr. Hinton purportedly told Womack of a conversation with defendant's attorney. This testimony was clearly hearsay; the trial court was correct in sustaining the objection.
Intervenors' contention that the trial judge erred in failing to allow testimony as to the payment of certain invoices becomes irrelevant, when we conclude that only labor liens would prime Tharpe's mortgage.
Intervenors' final contention was that the trial court erred in not finding that each claimant was a laborer and thus primed Tharpe's mortgage. A subcontractor is not subrogated to the rights of a laborer for the wages he has paid his laborers, but, the fact that he has signed a contract does not prevent him from claiming a laborer's privilege if he meets the *5 other qualifications. Pringle Associated Mortgage Corporation v. Eanes, 208 So.2d 346 (1st Cir. 1968), amended in part 254 La. 705, 226 So.2d 502.
Robert Washington entered into a contract to do electrical work for Arnott Corporation for $51,000.00, covering labor, materials, overhead and profits. While he may have performed some of the labor himself, he testified that over $6,000.00 of his lien was for wages paid to his employees and that approximately $2,000.00 of the lien was for materials. We do not believe the purpose of the laborers' lien priority covers this example. Furthermore, his conclusion that the remaining $4,200.00 should be given him as laborer's wages is not warranted; he was unable to substantiate his claim with specific information as to the hours he worked, the amount of his overhead or the measure of his profit.
Robert East, who contracted with Arnott Corporation to provide heating, air conditioning and ventilation work, filed a lien in the amount of $21,445.00. The trial court found that although East had a lien, it was not a laborer's lien that primed Tharpe's mortgage. East testified that 25% of the lien was for his own labor and supervisory work. He did not establish the type of work he performed nor the amount for labor alone. We find no error.
Eddie Knippers and Associates, Inc. contracted to furnish carpentry work. Although Knippers may have a right to a lien for wages paid to laborers under City Bank and Trust Company v. Caneco Construction Inc., 341 So.2d 1331 (3rd Cir. 1976), writ denied 345 So.2d 52, it does not have the exceptional priority given to laborers' lien by LSA-R.S. 9:4812.
Huey Lavergne filed a lien on July 11, 1975, and an intervention on July 12, 1978, asserting his lien. The effect of recordation and the privilege perempts if notice of filing of suit is not filed within one year of recordation.[5] The trial court held that Lavergne's lien had prescribed.
Intervenors contend that a notice of suit does not have to be filed if a sheriff's sale has previously occurred and alternatively that Tharpe should have raised prescription and peremption as an affirmative defense. The requirement of lis pendens, or notice of filing of suit, must be complied with unless a sheriff's sale occurs within the year of recordation and a fund is created for the benefit of lien claimants. Federal National Bank and Trust Company v. Calsim, Inc., 340 So.2d 611 (4th Cir. 1976), writ denied 342 So.2d 1110, 1111. In the present case, the sheriff's sale occurred prior to the filing of the lien. Lavergne's lien was not cancelled by the sale and he was not relegated to a fund created for his benefit. Under the statute, Lavergne had to file an action and give notice of that action within the one year period.
A peremptive provision destroys the previously existing right, with the result that, upon expiration of the stated period, a cause of action or substantive right no longer exists to be enforced. Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1971). Therefore, it was not necessary, that Tharpe file a special plea. Succession of Pizzillo, 223 La. 328, 65 So.2d 783 (1953).
Tharpe appealed from the trial court's recognizing the priority of the laborer's liens of Dossman, Neumiller and Koury. Neumiller contracted with East to do plumbing. Tharpe contends that both of these men are either prime contractors or subcontractors and are not entitled to the special status of a laborer.
The trial court awarded Dossman priority for the personal labor performed by Dossman under an oral contract with Arnott to spray paint the sheetrock. The language of LSA-R.S. 9:4812 provides that "any person ... performing any labor" may record his lien. It does not deny a lien to those contracting directly with the owner. Executive House Building, Inc. v. Demarest, 248 So.2d 405 (4th Cir. 1971). This *6 would be especially true when the contract was solely for labor that was understood to be performed by the contractor himself. Pringle Associated Mortgage Corp. v. Eanes, supra.
Tharpe further contends that since Dossman's contract was with the owner, it falls under LSA-R.S. 9:4802(A) and must be recorded in order for Dossman to perfect his lien. Although Dossman contracted directly with the owner he was not a general contractor under § 4802. See Executive House Building, Inc. v. Demarest, supra. In view of the provisions of LSA-R.S. 9:4812, giving protection even when the contract is not recorded, we find the contention without merit.
Part of Neumiller's claim was for guarding the project site from vandals; the rest was for wages not paid to him by East. Neumiller's contract with East was for wages of $400.00 per week for labor only. We agree that he should have priority for labor. While the calculations are quite confusing, we believe that the figure of $780.00 for materials bought for Arnott Corporation, $700.00 for truck rental and for $400.00 paid to Neumiller's son for repair work should not be awarded laborer's lien priority. We therefore amend the judgment so as to award him $9,412.00 instead of $10,112.00.
Tharpe contends that Koury, who was employed by Arnott, as a "job coordinator or construction manager" did not perform manual labor that would qualify him for a laborer's lien. The question is not without some doubt; the trial court held that Koury's lien was for labor. While Koury did not perform manual labor in the most common sense of the word, his work of coordinating the job for Arnott Corporation was labor. Compare Devillier v. City of Opelousas, 247 So.2d 412 (3rd Cir. 1971). His lien primes Tharpe's mortgage.
Tharpe contends that Koury's lien is invalid since it was not filed until after the foreclosure sale and recordation of the sheriff's deed to Tharpe. However, Koury's lien was timely filed since work continued under the direction of Arnott to within sixty days of the filing.
Tharpe contends that Koury's timely recorded lien should be relegated to the proceeds of the sale. It should be noted that certain rules respecting a sale under a writ of fieri facias also apply to executory writs. Louisiana Code of Civil Procedure, Article 2724. This includes Louisiana Code of Civil Procedure, Article 2372 which provides that the property is sold subject to any real charge with which it is burdened superior to the right of the seizing creditor. Koury's lien followed the property into the hands of the purchaser and is superior to Tharpe's mortgage.
For these reasons the judgment is amended so as to decrease the amount awarded Neumiller to $9,412.00. As amended the judgment is affirmed.
Costs are assessed one-half to Tharpe and one-half to Robert Washington, Eddie Knippers and Associates, Inc., Robert East and Huey Lavergne.
AFFIRMED IN PART AND REVERSED IN PART.
NOTES
[1] The claim of one Cancienne was allowed but has since been settled and is not involved in these appeals.
[2] La.C.C.P. Art. 2596:

"The rules governing ordinary proceedings are applicable to summary proceedings, except as otherwise provided by law."
La.C.C.P. Art. 1672:
"A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice."
[3] La.C.C.P. Art. 2642 (in part):

"Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both."
[4] LSA-R.S. 9:4819 (in part):

"(3) In any event, if an affidavit, duly signed by an architect, a licensed civil engineer or registered land surveyor, before a notary public, has been filed in the office of the clerk and recorder of the parish in which the property is located or in the case of Orleans Parish, in the mortgage office thereof, which affidavit certifies that he has inspected the job site on a certain date and at a certain time and that no work has begun or material furnished to the building site, either on new construction or on the improvement, repair or reconstruction of existing construction; and such affidavit is filed immediately prior to the filing of a bona fide mortgage or bona fide vendor's lien, or within two business days thereafter, then any lender, including banks, savings and loan associations, life insurance companies, credit unions or other institutional lenders, and other interested parties may rely on the facts recited in said affidavit and shall maintain any and all privileges to and priority over other liens and claims as conferred by Title 9, and particularly, 9:4801, 9:4812, and 9:4813. * * *"
[5] LSA-R.S. 9:4812 (in part):

"* * * The effect of the recordation of the claim shall cease and the privilege preserved by the recordation shall perempt unless a notice of filing of a suit ... on said claim is recorded within one year from the date of recordation of the inscription of said claim. * * *" See the same provision in § 4802.