11 McKAY, Judge.
The plaintiff, Nu-Lite Electrical Wholesalers, Inc. (Nu-Lite), furnished electrical supplies and materials to Pelren Electric Company, Inc. (Pelren), who was retained by the defendants, Bahar Development, Inc. and Baha Towers Limited Partnership (both referred to collectively as Baha), to perform work on several floors at the Plaza Towers in New Orleans. A dispute exists as to whether Baha paid Pelren for its work.
Nu-Lite claimed that they had not been paid and filed a lien against the building pursuant to the Louisiana Private Works Act.[1] Baha objected to the lien on the grounds that Pelren had told them that the accounts had been paid and some of the items on Nu-Lite’s list had not been delivered to the job site. Nu-Lite then filed suit against Baha. Baha third partied Pel-ren but was unable to serve Pelren until the day of trial.
At trial, Nu-Lite introduced its unpaid invoices and delivery tickets as well as uncontradicted testimony by its credit manager, Richard Zimmerman, and Rick Pelren, the owner of Pelren Electric Company, showing that Nu-Lite’s materials were incorporated into and used in the project. Judgment was rendered in favor of Nu-Lite and against Baha for $17,-127.82.[2] However, the judgment did not award interest, court costs and did not recognize the lien on the building.
Nu-Lite appeals the trial court’s failure to recognize a lien as well as its refusal to award interest and court costs.
The Louisiana Private Works Act provides that an unpaid supplier of materials used in the improvement of immovable property may, by timely filing a statement of claim or privilege, acquire a claim against the owner and a privilege on the immovable. In the instant case, although the suit was filed in 1997 against the Plaza Towers alleging ownership by Baha Towers Limited Partnership, no lis pendens was ever filed or introduced into evidence.[3] Therefore, there is no basis upon which to consider whether or not a lien should be recognized. In Tharpe & Brooks, Inc. v. Arnott Corp., 406 So.2d 1 (La.App. 1 Cir.1981), the Court found the requirement of lis pendens, or notice of filing suit, must be complied with by a lien claimant to preserve a privilege unless sheriffs sale occurs within a year of recordation.
According to Louisiana Civil Code Article 2000, “damages due for delay in performance are measured by the interest from the time it is due.” In the instant case, the defendants were placed in a situ *67 ation where they were uncertain as to what was due because their contractor (Pelren) had issued them lien and privilege waivers indicating that the amounts had been paid and that there was nothing due and owing on the project. The defendants attempted to third party Mr. Pelren, but were unable to serve him until the day of trial when he voluntarily appeared to testify for the plaintiff. Under cross-examination, Mr. Pelren admitted that he had in fact executed the lien and privilege waiver certificates and that they were in fact false because he had not paid the plaintiff. Therefore, the defendants could not have known what was due to the plaintiff before this revelation. Accordingly, under these circumstances, the trial court did not err when it declined to award legal interest to the plaintiff.
Louisiana Code of Civil Procedure Article 1921 states:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
This article makes it abundantly clear that although costs are generally awarded to the prevailing party, it is within the trial court’s discretion to provide otherwise. In the instant case, the trial court struck out those portions of the judgment prepared by the plaintiff which called for costs and interest. Due to the circumstances mentioned earlier, it is apparent the trial court did not believe it would be equitable to tax the defendants with costs in this case. We agree.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. La. R.S. 9:4801 et seq.

. The court disallowed one invoice in the amount of $64.10.

. Part of the building is also owned by Pinnacle Towers, Inc., who was not named in the suit.